## TURNER v FARMERS NATL BANK

Ohio Appeals, 2nd Dist, Darke Co

No 367.  Decided Feb 10, 1931

Alvin North, Greenville, and Joseph W. Sharts, Dayton, for Turner.

Mannix & Billingsley, Greenville, for Bank.

KUNKLE, J:

We have read the evidence contained in the Bill of Exceptions and considered the briefs of counsel. It will not be necessary to discuss the evidence in detail as counsel are thoroughly familiar with the same.

The petition is based upon the ground that a contract was entered into between defendant in error and the Board of Education of the Greenville City School District, for the payment of 5.16 per cent per annum upon moneys deposited in said bank. Had such contract been entered into then the right to recover would be established. The record does not show that such a contract was entered into between the said parties. It merely shows that various banks in the city of Greenville in the year 1922, in compliance with the statutory advertisement of the Greenville School District, submitted bids for the surplus money of the School District. The record shows that defendant in error submitted a bid of 5.16 per cent. It shows the bids of other banks for these same funds for the same period of time. The record clearly shows that the bid of the Greenville National Bank was accepted and not the bid of the defendant in error; that in compliance with such acceptance the funds of the School Board were placed in the said Greenville National Bank; that subsequently bonds of the School District were sold, which, with the other funds, then on deposit in the Greenville National Bank exceeded the amount that could be placed on deposit in the Greenville National Bank, and that the residue of such funds were distributed among other banks of the City of Greenville, including the bank of defendant in error, where moneys were deposited to the extent of $70,000.00.

No bids were received for the deposit of this fund. We find nothing in the record which would warrant the holding that there was a contract or meeting of minds as between the School District and the defendant in error as to the interest to be paid

on the fund so deposited. Under §7605 GC, defendant in error would be required to pay two per cent on the money so deposited. This sum has been paid. The defendant in error does not question its liability to make such payment.

The lower court explained its reasons in detail for directing this verdict. Those reasons are set forth at pages 66 to 72. We are in accord with the reasons found in such decision and do not deem it necessary to re-state them. The record on page 44 shows clearly that it was the bid of the Greenville National Bank as general depository that was accepted, and not the bid of defendant in error.

Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

(ALLREAD and HORNBECK, JJ, concur.)